Rebekah R. Conroy
Stone Conroy LLC
25A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel.: (973) 400-4181
Email: rconroy@stoneconroy.com

*Attorney for Plaintiffs*
*Amneal Pharmaceuticals LLC*
*and Impax Laboratories, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMNEAL PHARMACEUTICALS LLC, and IMPAX LABORATORIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Filed Electronically) |

**L. CIV. R. 10.1 STATEMENT**

The address for Plaintiffs Amneal Pharmaceuticals LLC and Impax Laboratories, LLC is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807. Plaintiffs are represented by Rebekah R. Conroy of Stone Conroy LLC, 25A Hanover Road, Suite 301, Florham Park, NJ 07932. Plaintiffs are also represented by Andrew P. Zappia (*pro hac vice* application to be filed) of Troutman Pepper Locke LLP, 70 Linden Oaks, Suite 210, Rochester, NY 14625, Alan B. Clement (*pro hac vice* application to be filed) of Troutman Pepper Locke LLP, 875 Third Avenue, New York, NY 10022, and L. Andrew Tseng (*pro hac vice* application to be filed) of Troutman Pepper Locke LLP, 111 Huntington Ave, 9th Floor, Boston, MA 02199.

The listed address for Defendant Sandoz Inc. is 100 College Road West, Princeton, New Jersey 08540-6604.

## COMPLAINT

Plaintiffs Amneal Pharmaceuticals LLC ("Amneal") and Impax Laboratories, LLC ("Impax") (individually and collectively "Plaintiffs"), by their undersigned attorneys, for their Complaint against Sandoz Inc. ("Sandoz" or "Defendant"), hereby allege as follows:

### NATURE OF THE ACTION

1. This is an Action for patent infringement arising under the food and drug laws and patent laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Impax's CREXONT® (carbidopa and levodopa) extended-release capsules prior to the expiration of United States Patent No. 12,370,163 ("the '163 patent") (the "Patent-in-Suit"), and before the expiration dates of other patents listed in the Orange Book for CREXONT®.

### THE PARTIES

2. Plaintiff Impax is a limited liability company organized and existing under the laws of the State of Delaware and is wholly-owned by Amneal. Impax's registered business address is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807. Plaintiff Amneal is a limited liability company organized under the laws of Delaware with a principal place of business at 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807.

3. On information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 100 College Road West, Princeton, New Jersey 08540-6604.

4. On information and belief, Sandoz is in the business of developing, preparing, manufacturing, and distributing pharmaceutical products throughout the United States, including in the State of New Jersey.

## JURISDICTION AND VENUE

5. This Action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this Action under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendant purposefully has conducted and continues to conduct business in this Judicial District.

7. On information and belief, Defendant is in the business of, among other things, manufacturing, marketing, importing, distributing, offering for sale, and/or selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

8. On information and belief, Defendant directly or indirectly develops, manufactures, imports, markets, distributes, and/or sells pharmaceutical products that are and/or will be manufactured and sold, pursuant to ANDA filings or other regulatory filings, throughout the United States, including in this Judicial District.

9. On information and belief, Defendant develops and manufactures generic pharmaceutical products, which it then sells in the United States, the locations or operations of which are in, among other places, the State of New Jersey.

10. On information and belief, this Judicial District will be a destination for the generic version of Impax's CREXONT® (carbidopa and levodopa) extended-release capsules for which

Defendant seeks FDA approval to manufacture, market, import, offer to sell, and/or sell pursuant to ANDA No. 219989.

11. On information and belief, if the Sandoz ANDA (defined below) is approved, the Sandoz ANDA Products (defined below) will be marketed, distributed, and/or sold, directly or indirectly, by Defendant in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey. Specifically, on information and belief, if Defendant succeeds in obtaining FDA approval, Defendant will, directly or indirectly, market, distribute, and/or sell the Sandoz ANDA Products in the State of New Jersey.

12. On information and belief, Sandoz is a corporation with its principal place of business in New Jersey and is qualified to do business in New Jersey.

13. On information and belief, Sandoz is registered to do business in the State of New Jersey under Entity Identification Number 0100097265 and is registered with the New Jersey Department of Health as a drug manufacturer and wholesaler under Registration Number 5003732.

14. In view of the foregoing, Sandoz is subject to general personal jurisdiction in New Jersey.

15. On information and belief, Sandoz is in the business of, *inter alia*: (a) developing, marketing, distributing, and/or selling generic pharmaceutical products throughout the United States, including throughout the State of New Jersey; (b) in concert with and/or through its affiliates, the preparation, submission, and filing of Abbreviated New Drug Applications seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (c) alone or in concert with and/or through its affiliates, the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

16. On information and belief, Defendant intends to benefit directly if the Sandoz ANDA is approved by participating in the manufacture, importation, distribution, offer to sell, and/or sale of the generic drug products throughout the United States, including in the State of New Jersey, that are the subject of the Sandoz ANDA.

17. Sandoz has consented to and/or not contested personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in at least some of such cases. *See, e.g.*, *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-11981, Dkt. No. 30 (D.N.J. October 2, 2025); *Bausch & Lomb Incorporated et al v. Sandoz Inc.*, Civ. No. 2:25-cv-01167, Dkt. No. 29 (D.N.J. July 21, 2025); *Opus Genetics, Inc. et al v. Sandoz Inc.*, Civ. No. 3:25-cv-01895, Dkt. No. 43 (D.N.J. June 2, 2025); *Aurinia Pharmaceuticals Inc. v. Sandoz Inc.*, Civ. No. 2:25-cv-03986, Dkt. No. 10 (D.N.J. July 18, 2025); *AstraZeneca Pharmaceuticals LP et al v. Sandoz Inc.*, Civ. No. 3:25-cv-00231, Dkt. No. 12 (D.N.J. March 11, 2025); *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-00181, Dkt. No. 34 (D.N.J. April 15, 2025); *Celgene Corporation v. Sandoz Inc.*, Civ. No. 3:18-11026, Dkt. No. 18 (D.N.J. Sept. 25, 2018); *Allergan Sales, LLC v. Sandoz, Inc.*, Civ. No. 2:17-10129, Dkt. No. 18 (D.N.J. Dec. 19, 2017); *Boehringer Ingelheim Pharms., Inc. v. Sandoz, Inc.*, Civ. No. 3:17-08825, Dkt. No. 14 (D.N.J. Jan. 23, 2018); *Mitsubishi Tanabe Pharma Corp. v. MSN Labs. Priv. Ltd.*, Civ. No. 1:17-05302, Dkt. No. 28 (D.N.J. Nov. 17, 2017) (collectively, the "Prior Actions"). Sandoz has purposefully availed itself of the rights and benefits of this Court by asserting counterclaims in this Court.

18. For at least the foregoing reasons set forth above, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant: (a) has substantial, continuous, and systematic contacts with the State of New Jersey; (b) has in the past and intends

in the future to manufacture, market, import, offer to sell, sell, and/or distribute Defendant's pharmaceutical products to residents of the State of New Jersey; (c) maintains a distributorship network within the State of New Jersey; (d) enjoys income from sales of its generic pharmaceutical products in the State of New Jersey; (e) is located in and/or has consented to and/or not contested personal jurisdiction in this Action and the Prior Actions; and (f) has availed itself of the jurisdiction of this Court by asserting counterclaims in this Action and at least one of the Prior Actions.

19.   For at least the foregoing reasons, venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and/or 1400(b). Among other reasons, venue is proper in this Judicial District because, on information and belief, (a) Sandoz has a principal place of business in New Jersey, and has and will continue to engage in infringement activities in New Jersey, and (b) Sandoz has previously consented to and/or not contested venue in this Judicial District in this Action and at least one of the Prior Actions.

## BACKGROUND

### U.S. Patent No. 12,370,163

20.   On July 29, 2025, the United States Patent & Trademark Office ("PTO"), duly and legally issued United States Patent No. 12,370,163 ("the '163 patent") entitled "Levodopa Dosing Regimen" to inventors Richard D'Souza, Hester Visser, and Suneel Gupta. The '163 patent is owned by assignment by Amneal and per the FDA Orange Book patent data will expire on December 21, 2041. A true and correct copy of the '163 patent is attached as **Exhibit 1**.

### CREXONT®

21.   Impax is the holder of New Drug Application ("NDA") No. 217186 ("the NDA"), for carbidopa and levodopa extended-release capsules, for oral use, in 35 mg/140 mg, 52.5 mg/210

mg, 70 mg/280 mg, and 87.5 mg/350 mg dosages, which is sold under the Proprietary Name CREXONT®.

22. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, at least the '845, '935, '058, '769, '313, '733, '941, '538, '449, '521, '185, '141, '918, '919, '150, '596, '148, '149, '793, '931, '481, '482, '605, '163, and '099 patents (defined above and below), are listed in the FDA "Orange Book" with respect to CREXONT®. Plaintiffs are owners by assignment of the Patent-in-Suit, and the other patents listed in the Orange Book for CREXONT® not at issue in this Action.

## ACTS GIVING RISE TO THIS ACTION

23. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

24. On information and belief, Defendant submitted ANDA No. 219989 (the "Sandoz ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation in or into the United States of carbidopa/levodopa extended-release capsules, for oral use, in 35 mg/140 mg, 52.5 mg/210 mg, 70 mg/280 mg, and 87.5 mg/350 mg dosages (the "Sandoz ANDA Products").

25. On information and belief, following any FDA approval of the Sandoz ANDA, Defendant intends to make, use, sell, or offer to sell the Sandoz ANDA Products throughout the United States, including in the State of New Jersey, and/or import that generic product into the United States, including into the State of New Jersey.

26. No earlier than November 25, 2024, Plaintiffs received, as asserted in *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-00181 (D.N.J.) ("the cv-00181 Action"), written notice of the Sandoz ANDA and the Sandoz Paragraph IV Certifications from Defendant regarding United States Patent Nos. 10,098,845 ("the '845 patent"), 10,292,935 ("the

'935 patent"), 10,688,058 ("the '058 patent"), 10,973,769 ("the '769 patent"), 10,987,313 ("the '313 patent"), 11,357,733 ("the '733 patent"), 11,622,941 ("the '941 patent"), 11,666,538 ("the '538 patent"), 11,986,449 ("the '449 patent"), and 12,064,521 ("the '521 patent") ("cv-00181 First Notice Letter"). The cv-00181 First Notice Letter included a Detailed Statement of the Factual and Legal Basis for Paragraph IV Certification(s), alleging that claims of the '845, '935, '058, '769, '313, '733, '941, '538, '449, and '521 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products ("cv-00181 First Detailed Statement").

27. No earlier than January 30, 2025, Plaintiffs received, as asserted in the cv-00181 Action's First Amended Complaint (cv-00181 Action, Dkt. No. 33), written notice of additional Sandoz Paragraph IV Certifications from Defendant regarding United States Patent Nos. 12,109,185 ("the '185 patent"), 12,128,141 ("the '141 patent"), 12,178,918 ("the '918 patent"), 12,178,919 ("the '919 patent"), and 12,194,150 ("the '150 patent") ("cv-00181 Second Notice Letter"). The cv-00181 Second Notice Letter included a Detailed Statement of the Factual and Legal Basis for Paragraph IV Certification(s), alleging that claims of the '185, '141, '918, '919, and '150 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products ("cv-00181 Second Detailed Statement").

28. No earlier than May 15, 2025, Plaintiffs received, as asserted in *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-11981 (D.N.J.) ("the cv-11981 Action"), written notice of additional Sandoz Paragraph IV Certifications from Defendant regarding U.S. Patent Nos. 12,201,596 ("the '596 patent"), 12,263,148 ("the '148 patent"), 12,263,149 ("the '149 patent"), and 12,274,793 ("the '793 patent") ("cv-11981 First Notice Letter"). The cv-11981 First Notice Letter included a Detailed Statement of the Factual and Legal

Basis for Paragraph IV Certification(s), alleging that claims of the '596, '148, '149, and '793 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products ("cv-11981 First Detailed Statement").

29.     No earlier than August 7, 2025, Plaintiffs received written notice of additional Sandoz Paragraph IV Certifications from Defendant regarding United States Patent Nos. 12,295,931 ("the '931 patent"), 12,303,481 ("the '481 patent"), 12,303,482 ("the '482 patent"), and 12,303,605 ("the '605 patent") ("cv-11981 Second Notice Letter"). The cv-11981 Second Notice Letter included a Detailed Statement of the Factual and Legal Basis for Paragraph IV Certification(s), alleging that claims of the '931, '481, '482, and '605 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products ("cv-11981 Second Detailed Statement").

30.     No earlier than September 30, 2025, Plaintiffs received written notice of additional Sandoz Paragraph IV Certifications from Defendant regarding the '163 patent ("this Action's Notice Letter"). This Action's Notice Letter included a Detailed Statement of the Factual and Legal Basis for Paragraph IV Certification(s), alleging that claims of the '163 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products ("this Action's Detailed Statement").

31.     On information and belief, in connection with this Action's Notice Letter, and the submission of the Sandoz ANDA, Defendant has provided written certifications to the FDA, under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that claims of at least the '163 patent are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of the Sandoz ANDA Products.

32.     By filing the Sandoz ANDA, Defendant represented to the FDA that the Sandoz ANDA Products have the same active ingredients as CREXONT®, have the same method of

administration, dosage forms, and strengths, and are bioequivalent to CREXONT®, and would be sold under a label substantively the same as the label for CREXONT®.

33. The cv-00181 Action, with respect to the '845, '935, '058, '769, '313, '733, '941, '538, '449, and '521 patents, was commenced before the expiration of forty-five (45) days from the date Plaintiffs received the cv-00181 First Notice Letter under 21 U.S.C. § 355(j)(5)(B)(iii) and thus triggered the thirty (30) month-stay under 21 U.S.C. § 355(j)(5)(B)(iii).

34. The First Amended Complaint in the cv-00181 Action additionally asserted infringement of the '185, '141, '918, '919, and '150 patents based on the cv-00181 Second Notice Letter under 21 U.S.C. § 355(j)(5)(B)(iii).

35. The cv-11981 Action, with respect to the '596, '148, '149, and '793 patents, was commenced before the expiration of forty-five (45) days from the date Plaintiffs received the cv-11981 First Notice Letter under 21 U.S.C. § 355(j)(5)(B)(iii).

36. The First Amended Complaint in the cv-11981 Action additionally asserted infringement of the '931, '481, '482, and '605 patents based on the cv-11981 Second Notice Letter, under 21 U.S.C. § 355(j)(5)(B)(iii).

37. This Action was commenced before the expiration of forty-five (45) days from the date Plaintiffs received this Action's Notice Letter under 21 U.S.C. § 355(j)(5)(B)(iii).

38. Plaintiffs have not received a notice letter from Defendant regarding U.S. Patent No. 12,403,099 ("the '099 patent").

**COUNT I: INFRINGEMENT OF THE '163 PATENT BY SANDOZ**

39. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

40. By submission of the Sandoz ANDA with the Sandoz Paragraph IV Certifications to the FDA and notice to Plaintiffs of the same, Defendant declared its intent to engage in the

commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Products prior to the expiration of the '163 patent, in the event that the FDA approves the Sandoz ANDA. Accordingly, an actual and immediate controversy exists regarding Defendant's infringement of the '163 patent under at least 35 U.S.C. §§ 271(b) and/or (c).

41. Defendant's submission of the Sandoz ANDA with the Sandoz Paragraph IV Certifications to the FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Products before expiration of the '163 patent constituted an act of infringement of one or more claims of the '163 patent under 35 U.S.C. § 271(e)(2)(A).

42. Defendant's commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Products prior to expiration of the '163 patent, and Defendant's inducement of and/or contribution to such conduct, would further infringe at least one claim of the '163 patent, either literally or under the doctrine of equivalents, under at least 35 U.S.C. § 271(b) and/or (c).

43. Upon information and belief, by virtue of its listing in the Orange Book and identification in this Action's Notice Letter and Detailed Statement, Defendant has knowledge of the '163 patent.

44. Upon information and belief, Defendant has knowledge that the Sandoz ANDA Products will infringe the '163 patent.

45. Unless enjoined by this Court, upon FDA approval of the Sandoz ANDA, Defendant intends to, and will, actively induce infringement of one or more claims of the '163 patent, including at least claims 1, 12, and 23, under 35 U.S.C. § 271(b). On information and belief, Defendant will do so by marketing the Sandoz ANDA Products and encouraging healthcare

professionals and patients to use them in a manner that constitutes direct infringement of one or more of the claims of the '163 patent, either literally or under the doctrine of equivalents.

46. For example, on information and belief, the Sandoz ANDA Products, if approved by the FDA, will be prescribed and administered to human patients to, *inter alia*, treat a levodopa naïve patient with Parkinson's disease. These uses will constitute direct infringement of one or more claims of the '163 patent.

47. On information and belief, these direct infringing uses will occur with Defendant's specific intent and encouragement and will be uses that Defendant knows or should know will occur.

48. On information and belief, Defendant will actively induce, encourage, and aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '163 patent and will constitute infringement.

49. On information and belief, upon FDA approval of the Sandoz ANDA, Defendant will intentionally encourage direct infringement, either literally or under the doctrine of equivalents, with knowledge of the '163 patent. Defendant will do so through its promotional activities and package inserts for the Sandoz ANDA Products, by encouraging healthcare professionals and patients to use the products in a manner that infringes the '163 patent.

50. Upon FDA approval of the Sandoz ANDA, Defendant will contributorily infringe one or more claims of the '163 patent, including at least claims 1, 12, and 23, under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Defendant will contribute to the direct infringement by others, either literally or under the doctrine of equivalents, with knowledge that the Sandoz ANDA Products constitute a material part of at least one of the claims of the '163 patent. Defendant has had and continues to have knowledge that the Sandoz ANDA

Products are especially made or adapted for use in infringing one or more of the claims of the '163 patent and are not suitable for substantial non-infringing use.

51. Plaintiffs will be substantially and irreparably harmed if Defendant is permitted to make, use, sell, offer to sell, and/or import the Sandoz ANDA Products and is not enjoined from doing so. Plaintiffs are entitled to relief, including that provided by 35 U.S.C. §§ 271(e)(4) and/or 283, such as an order from this Court that the effective date of approval of the Sandoz ANDA be a date that is not earlier than the expiration date of the '163 patent, or any later expiration of exclusivity for the '163 patent to which Plaintiffs are or become entitled, and an injunction against such infringement. Plaintiffs do not have an adequate remedy at law.

52. Defendant has had knowledge of the '163 patent since at least the date it submitted the Sandoz ANDA and this Action's Sandoz Paragraph IV Certifications, and was aware that the submission of the Sandoz ANDA and the Sandoz Paragraph IV Certifications constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

53. This is an exceptional case within the meaning of 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant and for the following relief:

a. A judgment under 35 U.S.C. § 271(e)(2)(A) that Defendant has infringed at least one claim of the '163 patent pursuant to Defendant's submission of the Sandoz ANDA and the Sandoz Paragraph IV Certifications to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Products before the expiration of such patent;

  b. A judgment under 35 U.S.C. §§ 271(b) and/or (c) that Defendant's commercial manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Products prior to the expiration of the Patent-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement, literally or under the doctrine of equivalents, of at least one claim of the Patent-in-Suit;

  c. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of the Sandoz ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the Patent-in-Suit, including any extensions thereof;

  d. The entry of a preliminary and/or permanent injunction enjoining Defendant, its affiliates and subsidiaries, and each of its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them, from (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation in or into the United States, of drugs or methods of administering drugs claimed in the Patent-in-Suit, and (ii) seeking, obtaining, or maintaining approval of the Sandoz ANDA until the expiration of the Patent-in-Suit or such other later time as the Court may determine;

  e. Damages or other monetary relief to Plaintiffs if Defendant commercially manufactures, uses, offers to sell, sells, and/or imports in or into the United States the Sandoz ANDA Products prior to the expiration of the Patent-in-Suit, including any extensions, and that any such monetary relief be awarded to Plaintiffs with pre-judgment interest;

  f. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorney's fees incurred in this Action;

      g.      A judgment awarding Plaintiffs their costs and expenses incurred in this Action; and

      h.      Such further and other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: November 12, 2025

**STONE CONROY LLC**

By: */s/ Rebekah R. Conroy*
Rebekah R. Conroy
25A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel.: (973) 400-4181
Email: rconroy@stoneconroy.com

Of counsel:

**TROUTMAN PEPPER LOCKE LLP**

Andrew P. Zappia (*pro hac vice* to be filed)
70 Linden Oaks, Suite 210
Rochester, NY 14625
Tel.: (585) 270-2102
Email: Andrew.Zappia@troutman.com

Alan B. Clement (*pro hac vice* to be filed)
875 Third Avenue
New York, NY 10022
Tel.: (646) 217-7718
Email: Alan.Clement@troutman.com

L. Andrew Tseng (*pro hac vice* to be filed)
111 Huntington Ave, 9th Floor
Boston, MA 02199
Tel.: (617) 204-5122
Email: Andrew.Tseng@troutman.com

*Attorneys for Plaintiffs
Amneal Pharmaceuticals LLC
and Impax Laboratories, LLC*

## L. Civ. R. 11.2 and L. Civ. R. 40.1 CERTIFICATIONS

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any pending litigation in any court or arbitration or administrative proceeding, except that Plaintiffs are parties to related actions, *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-00181 (D.N.J.) (filed January 7, 2025) and *Amneal Pharmaceuticals LLC et al v. Sandoz Inc.*, Civ. No. 3:25-cv-11981 (D.N.J.) (filed June 20, 2025), involving the same drug product (CREXONT®), in which different patents are asserted. I further certify that, to the best of my knowledge, there are no non-parties known to Plaintiffs that should be joined to this Action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: November 12, 2025

**STONE CONROY LLC**

By: */s/ Rebekah R. Conroy*
Rebekah R. Conroy
25A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel.: (973) 400-4181
Email: rconroy@stoneconroy.com

Of counsel:

**TROUTMAN PEPPER LOCKE LLP**

Andrew P. Zappia (*pro hac vice* to be filed)
70 Linden Oaks, Suite 210
Rochester, NY 14625
Tel.: (585) 270-2102
Email: Andrew.Zappia@troutman.com

Alan B. Clement (*pro hac vice* to be filed)
875 Third Avenue
New York, NY 10022
Tel.: (646) 217-7718
Email: Alan.Clement@troutman.com

L. Andrew Tseng (*pro hac vice* to be filed)
111 Huntington Ave, 9th Floor
Boston, MA  02199
Tel.: (617) 204-5122
Email: Andrew.Tseng@troutman.com

*Attorneys for Plaintiffs*
*Amneal Pharmaceuticals LLC*
*and Impax Laboratories, LLC*

### RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1(d), I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, injunctive relief.

Dated: November 12, 2025     **STONE CONROY LLC**

By: */s/ Rebekah R. Conroy*
Rebekah R. Conroy
25A Hanover Road, Suite 301
Florham Park, NJ 07932
Tel.: (973) 400-4181
Email: rconroy@stoneconroy.com

Of counsel:

**TROUTMAN PEPPER LOCKE LLP**

Andrew P. Zappia (*pro hac vice* to be filed)
80 Linden Oaks, Suite 320
Rochester, NY  14625
Tel.: (585) 270-2102
Email: Andrew.Zappia@troutman.com

Alan B. Clement (*pro hac vice* to be filed)
875 Third Avenue
New York, NY  10022
Tel.: (646) 217-7718
Email: Alan.Clement@troutman.com

L. Andrew Tseng (*pro hac vice* to be filed)

111 Huntington Ave, 9th Floor
Boston, MA  02199
Tel.: (617) 204-5122
Email: Andrew.Tseng@troutman.com

*Attorneys for Plaintiffs
Amneal Pharmaceuticals LLC
and Impax Laboratories, LLC*